**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

KATHLEEN THAXTON, BARBARA PURSLEY,
BRIAN THARP, CAROLYN LISI, BRUCE
HOLBROOK, MICHAEL VOGEL, ELLEN OLSON,
CORY OLSON, NANCY HALL-MOON,
DANIEL GOURLEY, JR., RACHEL VANWINKLE,
CHERYL KIRK, KELLEY KIBBEY,
and JADE THOMPSON,

                *Plaintiffs,*

        v.

OHIO EDUCATION ASSOCIATION, CAPITAL
DISTRICT OF OHIO EDUCATION ASSOCIATION,
THE COLUMBUS EDUCATION ASSOCIATION,
CENTRAL OEA/NEA, EAST CENTRAL OHIO
EDUCATION ASSOCIATION, EASTERN OHIO
EDUCATION ASSOCIATION, NORTH CENTRAL
OHIO EDUCATION ASSOCIATION, NORTH
EASTERN OHIO EDUCATION ASSOCIATION, THE
NORTHWESTERN OHIO EDUCATION
ASSOCIATION, INC., SOUTHEASTERN OHIO
EDUCATION ASSOCIATION, SOUTHWESTERN
OHIO EDUCATION ASSOCIATION, and
WESTERN OHIO EDUCATION ASSOCIATION,

            *Defendants.*

Case No. 2:11-cv-00707-MHW-
NMK

**AMENDED CLASS ACTION
COMPLAINT FOR
DECLARATORY, MONETARY
AND INJUNCTIVE RELIEF**

District Judge Watson

Magistrate Judge King

**AMENDED COMPLAINT**
(Jury Demand Endorsed Hereon)

     Kathleen Thaxton, Barbara Pursley, Brian Tharp, Carolyn Lisi, Bruce Holbrook, Michael

Vogel, Ellen Olson, Cory Olson, Nancy Hall-Moon, Daniel Gourley, Jr., Rachel VanWinkle,

Cheryl Kirk, Kelley Kibbey, and Jade Thompson (collectively, "Plaintiffs") for their Amended

Complaint against Defendants Ohio Education Association, Capital District of Ohio Education

Association, The Columbus Education Association, Central OEA/NEA, East Central Ohio Education Association, Eastern Ohio Education Association, North Central Ohio Education Association, North Eastern Ohio Education Association, The Northwestern Ohio Education Association, Inc., Southeastern Ohio Education Association, Southwestern Ohio Education Association, and Western Ohio Education Association (collectively "Defendants"), allege and aver as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights, class action seeking declaratory, monetary, and injunctive relief to redress and prevent the deprivation under color of Ohio Revised Code Annotated Chapter 4117 of rights, privileges, and immunities under the First and Fourteenth Amendments to the United States Constitution.

2.      Defendant Ohio Education Association ("OEA"), acting in concert with its local affiliates and various public employers, is depriving Plaintiffs, and other similarly-situated non-union public employees represented by Defendant OEA and its local affiliates for collective bargaining purposes ("class members"), of their constitutional rights.  Specifically, Defendant OEA and its local affiliates have enforced, and will continue to enforce, through threat of automatic deduction, discharge from employment, or otherwise, the compulsory unionism requirements contained in numerous collective bargaining agreements they have with public employers throughout the State of Ohio to collect forced fees from Plaintiffs and the class members in amounts which exceed that permitted by the First and Fourteenth Amendments to the United States Constitution, because a portion is used for union activities which cannot constitutionally be financed from the compulsory fees of objectors.

2

3.      The remaining Defendants—Capital District of Ohio Education Association, The Columbus Education Association, East Central Ohio Education Association, Eastern Ohio Education Association, North Central Ohio Education Association, North Eastern Ohio Education Association, The Northwestern Ohio Education Association, Inc., Southeastern Ohio Education Association, Southwestern Ohio Education Association, and Western Ohio Education Association—regional affiliates of both Defendant OEA and the locals, (hereinafter, "Defendant Regions") have violated and continue to violate the rights of Plaintiffs and class members under the First and Fourteenth Amendments to the United States Constitution, in that Plaintiffs and class members have been required to pay Defendant Regions' portion of the forced fees in the absence of the pre-collection, procedural safeguards of an independent auditor's verification of Defendant Regions' forced fee calculations.  On behalf of the Defendant Regions, Defendant OEA collects each Region's forced fees from the respective Plaintiffs and class members in the absence of any verified audit of the Defendant Regions' fee calculation.  Defendant OEA knew or should have known that a verified audit of each Defendant Region's fee calculation was required before the Region's portion of the forced fees could be collected from the respective Plaintiffs and class members because Defendant OEA distributes an independently audited verification of its own fee calculations before collecting its portion of the forced fees from Plaintiffs and the class.

## PARTIES, JURISDICTION AND VENUE

4.      This action arises under the Constitution and laws of the United States, particularly the First and Fourteenth Amendments to the Constitution.  The jurisdiction of this Court, therefore, is invoked under 28 U.S.C. § 1331.

5.      This is also an action under the Federal Civil Rights Act of 1871, 42 U.S.C. §
1983, to redress the deprivation, under color of state law, of rights, privileges, and immunities
secured by the constitution of the United States, particularly the First and Fourteenth
Amendments thereto.  Jurisdiction, therefore, is invoked under 28 U.S.C. § 1343, pursuant to
which the Court may grant: a) damages or restitution for the violation of Plaintiffs' and class
members' First and Fourteenth Amendment rights in the amounts unconstitutionally collected,
plus interest; b) injunctive relief against the attempted future collection of forced fees in the
absence of the required audit and the amounts which may not constitutionally be charged to
objecting non-members; and c) reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

6.      This is also a case of actual controversy in which Plaintiffs are seeking a
declaration of their rights under the Constitution of the United States.  Under 28 U.S.C. §§ 2201
and 2202, this Court may declare the rights of Plaintiffs and class members and grant further
necessary or proper relief based thereon.

7.      Pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1392(a), venue is proper in this
Court, because the defendants are corporations or unincorporated associations having contacts
sufficient to subject them to personal jurisdiction in this judicial district, and because a
substantial part of the events giving rise to this claim occurred in this judicial district.  Defendant
OEA's headquarters are located at 225 East Broad Street, Columbus, OH 43216, which is within
the jurisdiction of the Eastern Division of this Court.  Defendant Regions conduct business
within the Eastern Division of this Court through their transactions with Defendant OEA at its
Columbus headquarters.

8.      Plaintiffs Kathleen Thaxton, Barbara Pursley, Brian Tharp, and Daniel Gourley,
Jr. have been employed as teachers by the Green Local School District since at least the 2009-

2010 school year. Plaintiffs Thaxton, Pursley, Gourley, and Tharp reside in Summit County, Ohio. They are represented exclusively for purposes of collective bargaining, pursuant to Ohio Rev. Code Ann. § 4117.04, by the Green Local Education Association/Defendant Ohio Education Association/National Education Association. The Green Local Education Association and the National Education Association ("NEA") are not parties to this litigation.

9. Plaintiffs Bruce Holbrook, Carolyn Lisi, Michael Vogel, Ellen Olson, Cory Olson, Nancy Hall-Moon, Rachel VanWinkle, and Cheryl Kirk have been employed as teachers by the Western Brown Local Schools since at least the 2010-2011 school year. Plaintiff Holbrook resides in Adams County, Ohio. Plaintiff Lisi resides in Warren County, Ohio. Plaintiffs Vogel, Olson, Olson, and Hall-Moon reside in Brown County, Ohio. Plaintiffs VanWinkle and Kirk reside in Clermont County, Ohio. They are represented exclusively for purposes of collective bargaining, pursuant to Ohio Rev. Code Ann. § 4117.04, by the Western Brown Education Association, a local affiliate of Defendant OEA. The Western Brown Education Association is not a party to this litigation.

10. Plaintiff Kelley Kibbey has been employed as a teacher by the Trumbull County Joint Vocational School District since at least the 2009-2010 school year. She resides in Trumbull County, Ohio, and is represented exclusively for purposes of collective bargaining, pursuant to Ohio Rev. Code Ann. § 4117.04, by the Trumbull Career and Technical Center Education Association, an affiliate of Defendant OEA. The Trumbull Career and Technical Center Education Association is not a party to this litigation.

11. Plaintiff Jade Thompson has been employed as a teacher by Marietta City Schools since the 2010-2011 school year. She resides in Washington County, Ohio, and is represented

exclusively for purposes of collective bargaining, pursuant to Ohio Rev. Code Ann. § 4117.04, by the Marietta Education Association, an affiliate of Defendant OEA.

12.    All Plaintiffs are not members of Defendants or their local affiliates, but are required to pay forced fees to their exclusive bargaining representative and its affiliates, including Defendant OEA and their respective Defendant Region, as a condition of employment.

13.    Defendant Ohio Education Association is an "employee organization" within the meaning of the Ohio Rev. Code Ann. § 4117.01(D) and has been recognized as exclusive representative under the Ohio Code for collective bargaining purposes.  Defendant OEA is an Ohio corporation that conducts its business and operations throughout the State of Ohio and maintains its principal office at 225 East Broad Street, Columbus, OH, 43216, within the jurisdiction of the Eastern Division of the United States District Court for the Southern District of Ohio.  Defendant Regions conduct business with the OEA headquarters office.  The required Notices to Plaintiffs and other nonmembers explaining the forced fee portions of Defendant OEA and the Defendant Regions are prepared and sent by Defendant OEA from its headquarters.

14.    Defendant Capital District of Ohio Education Association and the Columbus Education Association are an "employee organizations" within the meaning of the Ohio Rev. Code Ann. § 4117.01(D) and has been recognized as exclusive representative under the Ohio Code for collective bargaining purposes.  Defendant The Columbus Education Association is an incorporated association and subordinate regional affiliate of Defendant OEA.  Defendants Capital District of Ohio Education Association and The Columbus Education Association maintains offices within the Capital District of Ohio Education Association and The Columbus Education Association regions in Franklin County, Ohio, and are located within the Eastern Division of this Court.

15.     Defendant Central OEA/NEA is an "employee organization" within the meaning of Ohio Rev. Code Ann. § 4117.01(D) and has been recognized as exclusive representative under the Ohio Code for collective bargaining purposes.  Defendant Central OEA/NEA is an incorporated association and subordinate regional affiliate of Defendant OEA.  Defendant Central OEA/NEA maintains offices within the Central OEA/NEA region in Franklin County, Ohio, and is located within the Eastern Division of this Court.

16.     Defendant East Central Ohio Education Association is an "employee organization" within the meaning of the Ohio Rev. Code Ann. § 4117.01(D) and has been recognized as exclusive representative under the Ohio Code for collective bargaining purposes. Defendant East Central Ohio Education Association is an unincorporated association and subordinate regional affiliate of Defendant OEA.  Defendant OEA maintains offices within the East Central Ohio Education Association region in Stark County, Ohio, and conducts business with Defendant OEA in this judicial district.

17.     Defendant Eastern Ohio Education Association is an "employee organization" within the meaning of the Ohio Rev. Code Ann. § 4117.01(D) and has been recognized as exclusive representative under the Ohio Code for collective bargaining purposes.  Defendant Eastern Ohio Education Association is an unincorporated association and subordinate regional affiliate of Defendant OEA.  Defendant OEA maintains offices within the Eastern Ohio Education Association region in Belmont County, Ohio, and is located within the Eastern Division of this Court.

18.     Defendant North Central Ohio Education Association is an "employee organization" within the meaning of the Ohio Rev. Code Ann. § 4117.01(D) and has been recognized as exclusive representative under the Ohio Code for collective bargaining purposes.

Defendant North Central Ohio Education Association is an unincorporated association and subordinate regional affiliate of Defendant OEA. Defendant OEA maintains offices within the North Central Ohio Education Association region in Holmes County, Ohio, and conducts business with Defendant OEA in this judicial district.

19. Defendant North Eastern Ohio Education Association is an "employee organization" within the meaning of the Ohio Rev. Code Ann. § 4117.01(D) and has been recognized as exclusive representative under the Ohio Code for collective bargaining purposes. Defendant North Eastern Ohio Education Association is an incorporated association and subordinate regional affiliate of Defendant OEA. Defendant OEA maintains offices within the North Eastern Ohio Education Association region in Cuyahoga County, Ohio, and conducts business with Defendant OEA in this judicial district.

20. Defendant Northwestern Ohio Education Association is an "employee organization" within the meaning of the Ohio Rev. Code Ann. § 4117.01(D) and has been recognized as exclusive representative under the Ohio Code for collective bargaining purposes. Defendant Northwestern Ohio Education Association is an incorporated association and subordinate regional affiliate of Defendant OEA. Defendant OEA maintains offices within the Northwestern Ohio Education Association region in Hancock County, Ohio, and conducts business with Defendant OEA in this judicial district.

21. Defendant Southeastern Ohio Education Association is an "employee organization" within the meaning of the Ohio Rev. Code Ann. § 4117.01(D) and has been recognized as exclusive representative under the Ohio Code for collective bargaining purposes. Defendant Southeastern Ohio Education Association is an unincorporated association and subordinate regional affiliate of Defendant OEA. Defendant Southeastern Ohio Education

Association includes Perry, Washington, Hocking, Meigs, Vinton, Gallia, and Pike counties, which are located within the Eastern Division of this judicial district.

22.     Defendant Southwestern Ohio Education Association is an "employee organization" within the meaning of the Ohio Rev. Code Ann. § 4117.01(D) and has been recognized as exclusive representative under the Ohio Code for collective bargaining purposes. Defendant Southwestern Ohio Education Association is an unincorporated association and subordinate regional affiliate of Defendant OEA.  Defendant OEA maintains offices within the Southwestern Ohio Education Association region in Hamilton County, Ohio, and conducts business with Defendant OEA in this judicial district.

23.     Defendant Western Ohio Education Association is an "employee organization" within the meaning of the Ohio Rev. Code Ann. § 4117.01(D) and has been recognized as exclusive representative under the Ohio Code for collective bargaining purposes.  Defendant Western Ohio Education Association is an incorporated association and subordinate regional affiliate of Defendant OEA.  Defendant OEA maintains offices within the Western Ohio Education Association region in Montgomery County, Ohio, and conducts business with Defendant OEA in this judicial district.

24.     Through more than 700 subordinate affiliated locals the Defendants represent teachers and other public employees, including Plaintiffs and the class, for purposes of collective bargaining in Ohio pursuant to Ohio Rev. Code Ann. § 4117.

## CLASS ACTION ALLEGATIONS

25.     This is a class action brought by Plaintiffs on their own behalf and on behalf of all others similarly situated pursuant to Federal Rule of Civil Procedure 23(b)(1)(A) and (b)(2), and, alternatively, 23(b)(3).  The class for Count I consists of all non-union employees who at any

time since the 2009-2010 school year (and through any future school years while this action is pending) were required to pay a forced fee to Defendant OEA under a compulsory unionism agreement with a public employer authorized by Ohio Rev. Code Ann. § 4117.04 or who objected to the OEA in order to receive a fee reduction or actually received the fee rebate/reduction. The class for Count II consists of all non-union employees who at any time since the 2009-2010 school year (and through any future school years while this action is pending) were required to pay a forced fee to any of the Defendant Regions under a compulsory unionism agreement with a public employer authorized by Ohio Rev. Code Ann. § 4117.04. Plaintiffs are members of both classes.

26. Upon information and belief, the number of persons in each class exceeds 100 persons for the 2009-2010, 2010-2011, 2011-2012, and subsequent school years. Those persons are therefore so numerous that joinder of the entire class is impractical.

27. There are questions of law and fact common to all members of each class; to wit, whether Defendant OEA is charging objecting non-members for union activities which may not constitutionally be charged to them under the First and Fourteenth Amendments of the United States Constitution, and whether Defendant Regions are charging non-members a forced fee without providing the non-members copies of an independently audited financial statement to verify the calculation of the chargeable forced fee, as required by *Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

28. Plaintiffs' claims are typical of other members of each class, who are subject to the same deprivations of their rights by Defendants' collection of compulsory union fees that exceed the constitutionally permitted amount or without the required independently audited financial statements.

29.     Plaintiffs can adequately represent the interests of each class.  Plaintiffs have no interests antagonistic to others who have also chosen not to join the union and object to the OEA-determined fee for the 2009-2010, 2010-2011, 2011-2012 or subsequent school years and do not want to pay more than their pro rata share of the constitutionally chargeable expenses. Plaintiffs also have no interests antagonistic to others who have also chosen not to join the union but are forced to pay monies to the Defendant Regions in the absence of the required independently audited financial statements of the Regions' calculations.  Plaintiffs' attorneys are provided by a national charitable legal aid organization and are experienced in representing non-union employees in litigation, including class actions, involving issues identical or similar to those raised in this action and pertaining to each class.

30.     Because Defendant OEA's duty to limit the amount of the reduced forced fee to only the constitutionally permissible amount, and Defendant Regions' duty to provide an independently audited financial statement of their chargeable and non-chargeable expenses, applies equally to all in the respective class, the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant OEA and the Defendant Regions.

31.     Defendants have acted and threaten to continue to act to deprive Plaintiffs and each member of the two classes of their constitutional rights on grounds generally applicable to all, thereby making appropriate declaratory, injunctive, and other equitable relief with regard to each class as a whole.

32.     The questions of law or fact common to the members of each class predominate over any questions affecting only individual members, in that the important and controlling questions of law and fact are common to all members of each class, i.e., which of Defendant

OEA's activities are chargeable to the first class without offending the First Amendment and whether Defendant Regions may require Plaintiffs and class members of the second class to pay a forced fee without providing them independently audited financial statements explaining the chargeable and non-chargeable components of the forced fee.

33.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, inasmuch as the individual class members in each class are deprived of the same rights by Defendants' actions, differing only in immaterial aspects of their factual situation.  The limited amount of money involved in the case of each individual's claim not to be compelled to pay more than the Constitution permits in the first class, and not to pay forced fees in the absence of the required audit in the second class, would make it burdensome for the class members to maintain separate actions.

34.    The illegal actions taken by the Defendants were taken pursuant to the same forced fee policy, and constitute a concerted scheme which resulted in the violation of Plaintiffs' and class members' rights at multiple levels of the union.  Additionally, the affiliation among the Defendants presents an organizational structure which makes it expedient for the named Plaintiffs and the members of the second class to proceed against all named Defendants. *Bromley v. Michigan Education Ass'n-NEA*, 178 F.R.D. 148, 163 (E.D. Mich., 1998).

## FACTS

35.    Acting in concert under color of state law, to wit, Ohio Rev. Code Ann. § 4117.04, many public employer school districts, including Plaintiffs' employers, have recognized Defendant OEA and its appropriate local affiliates, including all other Defendants, as exclusive bargaining agents for their employees, including non-members, and negotiated written collective

bargaining agreements with those bargaining agents governing their employees' wages, terms, and conditions of employment.

36.     Pursuant to Ohio Rev. Code Ann. § 4117.04, those collective bargaining agreements contain "agency shop" forced fee provisions, which provide in pertinent part that any employee who does not become a member of OEA and its affiliates must as a condition of employment pay OEA and its affiliates a forced fee in an amount not to exceed a member's dues. The enforcement mechanism contained in these provisions is usually either discharge from employment for nonpayment or, pursuant to Ohio Rev. Code Ann. § 4117.09, automatic payroll deduction of the forced fees.

37.     Pursuant to the "unified membership concept" under the governing documents of the OEA and National Education Association ("NEA"), membership in the local affiliates also constitutes membership in the respective Defendant Region, Defendant OEA, and NEA. Consequently, under compulsory unionism agreements authorized by Ohio Rev. Code Ann. § 4117.04, non-members can be required to pay forced fees to all four levels.  NEA is not a party to this case.  The local affiliates representing Plaintiffs' bargaining units do not charge forced fees at the local level, and thus are not parties to this case.

38.     OEA has established a policy and procedures regarding the collection of forced fees from non-members.  On its face, the OEA policy and procedures apply to and bind all of its local affiliates in Ohio which have compulsory unionism agreements with public employers and collect forced fees.

39.     Under its governing documents, Defendant OEA maintains certain controls over and establishes policies for its Defendant Regions.  In particular, Defendant OEA established, maintained, and operates procedures which apply to all regions that have forced fee agreements

with public employers, as authorized by Ohio Rev. Code Ann. § 4117.04. Defendant OEA also sends *Hudson* notices to Plaintiffs and class members on behalf of Defendant Regions.

40.     On or about mid-December 2009, Defendant OEA mailed to Plaintiffs and class members a notice concerning their forced fee obligations for the 2009-2010 school year. On or about mid-December 2010, Defendant OEA mailed to Plaintiffs and class members a notice concerning their forced fee obligations for the 2010-2011 school year. On or about mid-December 2011, Defendant OEA mailed Plaintiffs and class members a notice concerning their forced fee obligations for the 2011-2012 school year. Each year the notice is basically the same for all non-members, except the non-members received only the financial information for their respective Defendant Region. On information and belief, on or about mid-December 2012, Defendant OEA will mail to Plaintiffs a notice concerning their forced fee obligations for the 2012-2013 school year.

41.     Each year, Defendant OEA uses portions of the union-determined forced fees from Plaintiffs and the members of the first class for purposes that exceed the propriety of the fee under Ohio Rev. Code Ann. § 4117.09 and are not "germane" to collective bargaining activity, are not justified by the government's policy interest in "labor peace" and avoiding "free riders," or significantly add to the burdening of free speech that is inherent in the allowance of an "agency shop," including but not limited to:

a.      lobbying, initiative and other political activities that do not concern legislative ratification of, or fiscal appropriations for, the individual non-member's collective bargaining agreement;

b.      otherwise chargeable activities that do not ultimately enure to the benefit of the employees in the dissenting non-member's bargaining unit;

c.      public relations activities;

d.      organizing and membership activities undertaken to protect or strengthen

Defendants' or their affiliates' existing status as exclusive bargaining representatives; and

e.      administrative expenses used to facilitate non-chargeable activities.

42.     On information and belief, portions of the union-determined forced fees have or

will be used for purposes which Defendant OEA cannot prove to be constitutionally chargeable.

43.     On information and belief, Defendants Regional Affiliates have received and used

deducted forced fees from non-members without providing the legally-required independently

audited financial statements.  Defendant OEA and Defendants Capital District of Ohio Education

Association, The Columbus Education Association, East Central Ohio Education Association,

Eastern Ohio Education Association, North Central Ohio Education Association, North Eastern

Ohio Education Association, The Northwestern Ohio Education Association, Inc., Southeastern

Ohio Education Association, Southwestern Ohio Education Association, and Western Ohio

Education Association have violated the constitutional rights of Plaintiffs and members of the

second class by participating in the collection of these forced fees without the required audit.

### CLAIM FOR RELIEF
(Violations of 42 U.S.C. § 1983 and
the United States Constitution)

44.     The decision of Plaintiffs and class members to refrain from joining and paying

dues to Defendants is an exercise of their rights to freedom of speech, association, petition,

belief, and thought guaranteed against state action by the First and Fourteenth Amendments to

the United States Constitution.  The actions of Defendants, their local affiliates and the public

employers, acting in concert, in negotiating and enforcing agreements compelling Plaintiffs and

class members to pay a forced fee to Defendants, even for the costs of exclusive representation on behalf of their bargaining unit, infringe upon those fundamental rights.

## COUNT I
### (Violations of 42 U.S.C. § 1983 and
### the United States Constitution)

45. Plaintiffs incorporate by reference the allegations of paragraph 1 through 44 of this Amended Complaint as if fully set forth herein.

46. The First and Fourteenth Amendments to the United States Constitution require that the activities for which non-members are required to pay forced fees "must (1) be 'germane' to collective bargaining activity; (2) be justified by the government's vital policy interest in labor peace and avoiding 'free riders'; and (3) not significantly add to the burdening of free speech that is inherent in the allowance of an agency shop or union shop." *Lehnert v. Ferris Faculty Ass'n*, 500 U.S. 507, 519 (1991).

47. Defendant OEA's deduction of forced fees for unconstitutional purposes violate the rights of Plaintiffs and members of the first class under the First and Fourteenth Amendments to the United States Constitution in that Plaintiffs and those class members have been required to pay forced fees for constitutionally non-chargeable purposes.

48. The First and Fourteenth Amendments to the United States Constitution require that Defendants prove the proportion of their chargeable expenses to total expenses. *Id*. at 524.

49. Thus, as a direct result of Defendants' unlawful actions described herein, Plaintiffs and members of the first class:

(a) have been prevented from exercising their rights and privileges as citizens of the United States not to pay fees for any union activity not constitutionally chargeable to dissenting non-members and not to have those monies used, even temporarily, for such activities;

16

(b)     have been deprived of their civil rights guaranteed to them under the statutes of the United States;

(c)     have suffered monetary damages in the amount of the forced fees that have been illegally seized from them; and

(d)     have suffered the irreparable harm, damage, and injury for which there is no adequate remedy at law that is inherent in the violation of First Amendment rights.

### COUNT II
(Violations of 42 U.S.C. § 1983 and
the United States Constitution)

50.     Plaintiffs incorporate by reference the allegations of paragraph 1 through 44 of this Amended Complaint as if fully set forth herein.

51.     Defendant Regions' failure (along with Defendant OEA's complicity) to provide independently-audited financial statements prior to the deduction of the forced fees violate the rights of Plaintiffs and members of the second class under the First and Fourteenth Amendments to the United States Constitution, in that there is not an independent auditor's verification of the "fair share" fee calculations of Defendant Regions.

52.     Thus, as a direct result of Defendants' unlawful actions described herein, Plaintiffs and members of the second class:

(a)     have been prevented from exercising their rights and privileges as citizens of the United States not to pay fees for any union activity in the absence of the required precollection, independent audit of the union's chargeable expenditures;

(b)     have been deprived of their civil rights guaranteed to them under the statutes of the United States; and

17

(c)       have suffered the irreparable harm, damage, and injury for which there is no

adequate remedy at law that is inherent in the violation of First Amendment rights.

53.       Unless preliminarily enjoined by this Court, Defendants and their agents will

continue the aforesaid deprivation and abridgement of the First Amendment rights of Plaintiffs

and members of the second class, thereby causing further irreparable harm, damage, and injury

for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A.       Enter an order, as soon as practical, certifying this case as a class action for Count

I on behalf of all non-union employees who at any time since the 2009-2010 school year (and

through any future school years while this action is pending) were required to pay a forced fee to

Defendant OEA under a compulsory unionism agreement with a public employer authorized by

Ohio Rev. Code Ann. § 4117.04 or who objected to the OEA in order to receive a fee reduction;

and a class action for Count II on behalf of all non-union employees who at any time since the

2009-2010 school year (and through any future school years while this action is pending) were

required to pay a forced fee to any of the Defendant Regions under a compulsory unionism

agreement with a public employer authorized by Ohio Rev. Code Ann. § 4117.04 on behalf of all

non-union Ohio public employees required to pay a forced fee to the OEA and its Regions who

have challenged or will challenge the amount of the fee for the 2009-2010, 2010-2011, 2011-

2012, or subsequent school years.

B.       Issue a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that the

compulsory unionism agreements of Defendant OEA and its subordinate local affiliates,

including Defendants Capital District of Ohio Education Association, The Columbus Education

Association, East Central Ohio Education Association, Eastern Ohio Education Association, North Central Ohio Education Association, North Eastern Ohio Education Association, The Northwestern Ohio Education Association, Inc., Southeastern Ohio Education Association, Southwestern Ohio Education Association, and Western Ohio Education Association, along with OEA's policy and procedures regarding the collection of compulsory fees from non-members, as applied by Defendant OEA, violate the rights of Plaintiffs and members of the first class under the First and Fourteenth Amendments to the United States Constitution, in that Plaintiffs and those class members have been required to pay OEA forced fees for constitutionally non-chargeable purposes.

      C.     Issue a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that the compulsory unionism agreements of Defendant OEA and its subordinate local affiliates, including Defendants Capital District of Ohio Education Association, The Columbus Education Association, East Central Ohio Education Association, Eastern Ohio Education Association, North Central Ohio Education Association, North Eastern Ohio Education Association, The Northwestern Ohio Education Association, Inc., Southeastern Ohio Education Association, Southwestern Ohio Education Association, and Western Ohio Education Association, along with OEA's policy and procedures regarding the collection of compulsory fees from non-members, as applied by Defendants, violate the rights of Plaintiffs and the members of the second class under the First and Fourteenth Amendments to the United States Constitution, in that Plaintiffs and those class members have been required to pay Defendant Regions' portion of the forced fees in the absence of the pre-collection, procedural safeguards of an independent auditor's verification of the Regions' fee calculations.

D.      Award Plaintiffs and class members compensatory damages in the amount of the portion of the forced fees unlawfully exacted from them, with interest, and other such amounts as the principles of justice and compensation warrant.

E.      Permanently enjoin Defendant OEA, Capital District of Ohio Education Association, The Columbus Education Association, East Central Ohio Education Association, Eastern Ohio Education Association, North Central Ohio Education Association, North Eastern Ohio Education Association, The Northwestern Ohio Education Association, Inc., Southeastern Ohio Education Association, Southwestern Ohio Education Association, and Western Ohio Education Association, their agents, assistants, successors, employees, attorneys, affiliates, and all other persons acting in concert or cooperation with them or at their direction or under their control, from enforcing and implementing any compulsory provision to require objecting non-member Ohio public employees to pay a forced fee for activities which the Court finds were unconstitutionally included in the fees charged for 2009-2010 and/or subsequent school years.

F.      Preliminarily and permanently enjoin Defendants OEA, Capital District of Ohio Education Association, The Columbus Education Association, East Central Ohio Education Association, Eastern Ohio Education Association, North Central Ohio Education Association, North Eastern Ohio Education Association, The Northwestern Ohio Education Association, Inc., Southeastern Ohio Education Association, Southwestern Ohio Education Association, and Western Ohio Education Association, their agents, assistants, successors, employees, attorneys, affiliates, and all other persons acting in concert or cooperation with them or at their direction or under their control, from enforcing and implementing any compulsory provision to require non-member Ohio public employees to pay a forced fee

      (1)     in the absence of pre-collection, procedural safeguards of an audit of the chargeable portion required for the constitutional collection of forced fees; or

      (2)     for activities which have not been verified by an independent auditor.

G.    Award Plaintiffs their costs, including reasonable attorneys' fees, pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988, and grant such other and additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Donald C. Brey
Donald C. Brey (0021965), *Trial Attorney*
TAFT, STETTINIUS & HOLLISTER, LLP
65 E. State Street, Suite 1000
Columbus, OH  43215
Telephone:  (614) 221-2838
Facsimile:  (614) 221-2007
Email:  dbrey@taftlaw.com


Milton L. Chappell, Esq. (*pro hac vice*)
c/o  National Right to Work Legal
     Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, VA  22160
Telephone:  (703) 321-8510
Facsimile:  (703) 321-9319
Email:  mlc@nrtw.org

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all matters triable of right by jury.

/s/ Donald C. Brey
Donald C. Brey (0021965), *Trial Attorney*
TAFT, STETTINIUS & HOLLISTER, LLP
65 E. State Street, Suite 1000
Columbus, OH  43215
Telephone:  (614) 221-2838
Facsimile:  (614) 221-2007
Email:  dbrey@taftlaw.com

Milton L. Chappell, Esq. (*pro hac vice*)
c/o  National Right to Work Legal
       Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, VA  22160
Telephone:  (703) 321-8510
Facsimile:  (703) 321-9319
Email:  mlc@nrtw.org

*Attorneys for Plaintiffs*